IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADAM WENZKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-504-*** |
| | ) |
| CORRECTIONAL MEDICAL SYSTEMS, | ) |
| FIRST CORRECTIONAL MEDICAL, | ) |
| NURSE MAGGIE, DR. TATAGARI, | ) |
| DR. HAQUE, NURSE DIANE, | ) |
| DR. TADEO, DR. DOROSIER, | ) |
| MR. ALTON, DR. SMITH, MR. JIM | ) |
| WELCH, BETTY BRADLEY, | ) |
| NECHELLE D. BUTCHER, | ) |
| STEPHANIE MOWBRAY, and | ) |
| DR. JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 19th day of September, 2007, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that plaintiff will be allowed to proceed against defendants Correctional Medical Systems, Dr Tadeo, Dr. Dorosier, Mr. Alton, Dr. Smith, Mr. Welch, Betty Bradley, Nechelle D. Butcher, and Stephanie Mowbray, that the claims against defendants First Correctional Medical, Nurse Maggie, Dr. Tatagari, Dr. Haque, and Nurse Diane are dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and § 1915A, and that Dr. John Doe is dismissed as a defendant, for the reasons that follow:

1. **Background.** Plaintiff Adam Wenzke, an inmate at the Howard R. Young

Correctional Facility ("HYRCI"), Wilmington, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and has been granted leave to proceed in forma pauperis. Plaintiff was formerly housed at the Delaware Correctional Center ("DCC"), Smyrna, Delaware

2. **Standard of Review**. When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v Colley, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it

2

rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

4. **Discussion**. Plaintiff filed his complaint on August 13, 2007.[1] Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs when he was housed at the DCC and at the HYRCI where he was transferred on February 24, 2005, and where he is currently housed. First Correctional Medical ("FCM") was the health care provider at DCC and Correctional Medical Services ("CMS") is the health care provider at HRYCI. Plaintiff complains of testicular pain and testicular masses. He complains that defendants have repeatedly delayed and denied him

---

[1] The complaint was signed on August 7, 2007, but plaintiff's cover letter is not dated until August 13, 2007. Hence, the earliest date that the complaint could have been delivered to prison officials for mailing to the court was August 13, 2007. Therefore, according to the "mailbox rule" the complaint was filed on August 13, 2007. See Houston v. Lack, 487 U.S. 266 (1988); Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998); Gibbs v. Decker, 234 F. Supp. 2d 458, 463 (D. Del. 2002); Rivers v. Horn, 2001 WL 312236, at *1 n.1 (E.D. Pa. March 29, 2001).

3

treatment. The complaint refers to actions taken at DCC by Nurse Maggie, Dr. Tatgari Dr. Hague on various dates from June 27, 2004 until he transferred to HRYCI on February 24, 2005. It also refers to actions taken at HRYCI by Nurse Diane on August 1, 2005. The remainder of plaintiff's allegations revolve around actions taken by medical personnel and prison employees relative to his medical care and treatment at HRYCI.

5. There is a two year statute of limitation period for § 1983 claims. See Del. Code Ann. tit. 10, § 8119; Johnson v. Cullen, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." Id. Claims not filed within the two-year statute of limitations period are time-barred and must be dismissed. See Smith v. State, C.A. No. 99-440-JJF, 2001 WL 845654, at *2 (D. Del. July 24, 2001).

6. The complaint alleges constitutional violations for actions taken at DCC when FCM was the medical provider by defendants Nurse Maggie, Dr. Tatgari, and Dr. Hague on various dates from June 27, 2004 until February 24, 2005, and for actions taken at HRYCI by Nurse Diane on August 1, 2005. This complaint was filed on August 13, 2007. Therefore, any claims occurring prior to August 13, 2005 are barred by the two year limitation period.

7. The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 400 n.14 (3d Cir. 2006); Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1167 (3d Cir. 1986).

"[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible." Wakefield v. Moore, No. 06-1687, 2006 WL 3521883, at *1 (3d Cir. Dec. 7, 2006) (citing Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006)). It is evident from the face of the complaint that § 1983 claims against FCM, Nurse Maggie, Dr. Tatgari, Dr. Hague, and Nurse Diane are barred by the two year limitation period. Therefore, the allegations against them are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

8. The court has thoroughly reviewed the complaint and finds no mention or reference to Dr. John Doe. The clerk of the court is directed to remove his name from the court docket.

9. **Conclusion.** Based upon the foregoing analysis, the claims against FCM, Nurse Maggie, Dr. Tatgari, Dr. Hague, and Nurse Diane are dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Dr. John Doe is removed from the court docket. Plaintiff may proceed with the medical needs claims against Correctional Medical Systems, Dr Tadeo, Dr. Dorosier, Mr. Alton, Dr. Smith, Mr. Welch, Betty Bradley, Nechelle D. Butcher, and Stephanie Mowbray.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for **each of the**

**remaining defendants Correctional Medical Systems, Dr Tadeo, Dr. Dorosier, Mr. Alton, Dr. Smith, Mr. Welch, Betty Bradley, Nechelle D. Butcher, and Stephanie Mowbray,** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Plaintiff has provided the court with copies of the complaint (D.I. 2) for service upon the remaining defendants and the attorney general. Plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendants and the attorney general within 120 days of this order may result in the complaint being dismissed or defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint (D.I. 2), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) so identified in each 285 form.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** \*\*\* When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). \*\*\*

8. **NOTE:** \*\*\* Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service.
\*\*\*

                                                      */s/ Sue L. Robinson*
                                       UNITED STATES DISTRICT JUDGE