**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| Adam Wenzke, )<br>)<br>　　Plaintiff, )<br>)<br>　　v. )<br>)<br>Correctional Medical Services, et al. )<br>)<br>　　Defendants. ) | C.A. No.: 07-504-MPT |

**DEFENDANT WELCH'S OPPOSITION TO PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**

Defendant Jim Welch, Director of Health Services for the Delaware Department of Correction, (hereinafter "State Defendant"), by and through undersigned counsel, hereby respectfully responds to Plaintiff's Motion for Injunctive Relief (D.I.11). In support thereof, State Defendant states as follows:

**LEGAL STANDARD**

1.　　Federal Rules of Civil Procedure Rule 65(a) sets out the standard to bring into play injunctive relief. Injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." *Frank's GMC Truck Center, Inc. v. General Motors Corp.,* 847 F.2d 100, 102 (3d Cir.1988), cited in *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir.1989). The purpose of injunctive relief is not to address alleged past wrongs, but to prevent future violations. *See United States v. Barr Lab., Inc.* 812 F. Supp. 458, 487-488 (D.N.J. 1993). Therefore, the party seeking an injunction must demonstrate that the threatened injury is immediate. *See Hohe v. Casey*, 868 F.2d 69, 73 (3d Cir.1989), *cert. denied*, 493 U.S. 848 (1989).

2. When ruling on a motion for preliminary injunctive relief, the district court must consider four factors: (1) the likelihood that the applicant will prevail on the merits at final hearing; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the extent to which the defendants will suffer irreparable harm if the preliminary injunction is issued; and (4) the public interest. *Hoxworth v. Blinder, Robinson & Co.,* 903 F.2d 186, 197-98 (3d Cir.1990). Nevertheless, a party moving for injunctive relief has the burden to demonstrate the existence of an immediate irreparable injury that has no remedy at law if the defendant is not enjoined from committing certain acts. Indeed, relief will be denied if the moving party demonstrates only a mere possibility of harm.

3. In order to grant injunctive relief, the court must be sufficiently satisfied that the party seeking relief has demonstrated that all four factors are present. *Clean Ocean Action v. York*, 57 F.3d 328, 331 (3d Cir.1995). All four factors should favor preliminary relief before the injunction will issue. *S & R Corp. v. Jiffy Lube Intern, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992). Plaintiff fails to meet his burden and his motion for preliminary injunction should be denied.

**PLAINTIFF CANNOT SHOW LIKELIHOOD OF SUCCESS ON THE MERITS**

4. Plaintiff must show both a likelihood of success on the merits and probability of immediate and irreparable harm. Plaintiff claims that he is experiencing tenderness in his testicles, and he requests to be sent to the Urologic Surgical Associates of Delaware to see Frances J, Shanne, M.D for treatment. (D.I. 11). A review of plaintiff's medical charts reveals that he has been provided treatment by prison doctors Smith and Derossier who are able to present an appropriate treatment plan and recommendation. Plaintiff's request for specific doctors and treatment is unreasonable. His request should be denied.

5. On or about December 18, 2006, plaintiff underwent ultrasound testing to

examine possible scrotal mass. (See McEntire Affidavit attached as Exhibit "A"). A review of the ultrasound results revealed bilateral cysts, 1.0 cm. No masses were detected. Id. On or about December 20, 2007, Dr. Derossier examined plaintiff and diagnosed epidermal cysts with noted tenderness. Id. Following the diagnosis, plaintiff was given another ultrasound to ascertain the appropriate course of sustained treatment. Id.

**PLAINTIFF FAILS TO DEMONSTRATE A THREAT OF IRREPARABLE HARM**

6. As previously stated plaintiff must demonstrate all four elements necessary for a preliminary injunction: 1) likelihood of success on the merits; 2) the extent of irreparable harm to plaintiff; 3) the extent to which the defendants will suffer irreparable harm if the preliminary injunction is issued and (4) the public interest.

7. In order for plaintiff to set forth a cognizable Eighth Amendment claim, he must allege: (1) serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble,* 429 U.S. 97, 103-105 (1976); *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir.1999). " A prison official is 'deliberately indifferent' to serious medical need if he knows that prisoner faces substantial risk of serious harm and fails to take reasonable steps to avoid harm." *Farmer v. Brennan,* 511 U.S. 825 (1994). Here, prison officials have not intentionally denied or delayed plaintiff's access to medical care. Albeit plaintiff is entitled to adequate medical care, he "has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Blackston v. Correctional Medical Services, Inc.*, 499 F. Supp.2d 601, 605 (D. Del.2007). Clearly, the medical records submitted herein reflect that scrotal cysts are diagnosed. See Wanzke Medical Records [**sealed**] submitted pursuant to D.I.14. The records also show that plaintiff is undergoing treatment as a result of his diagnosis. The treatment included ultrasound testing, and the administration of medication, as well as follow-up medical visits. There is not

anything in the records to suggest or support a claim that plaintiff was refused or denied medical treatment.

8.     Plaintiff cannot demonstrate a likelihood of success on the merits of a deliberate indifference to a serious medical need claim. *Hoxworth v. Blinder, Robinson & Co.,* 903 F.2d at 197-98. In addition, a continued course of medical treatment obviates irreparable injury to plaintiff.

WHEREFORE, the State Defendant respectfully requests that this Honorable Court enter an Order denying Plaintiff's motion.

          **STATE OF DELAWARE**
          **DEPARTMENT OF JUSTICE**

          ___/s/ Ophelia M. Waters_____
          Ophelia M. Waters (Bar ID #3879)
          Deputy Attorney General
          Carvel State Office Building
          820 N. French Street, 6th Floor
          Wilmington, DE 19801
          (302) 577-8400

DATED: January 18, 2008          Counsel for State Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Adam Wenzke, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 07-504-MPT |
| | ) | |
| Correctional Medical Services, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Upon Plaintiff Adam Wenzke's motion for a preliminary injunction and Defendant Jim Welch's response in opposition to plaintiff's motion and, after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff Adam Wenke's Motion is **DENIED**.

SO ORDERED this _____ day of _____, 2008.

_____
The Honorable Mary Pat Thynge
United States District Court

# *CERTIFICATE OF MAILING AND/OR DELIVERY*

I, Ophelia M. Waters, Esq., hereby certify that on January 18, 2008, I caused a true and correct copy of the attached *Opposition to Plaintiff's Motion for Injunctive Relief* to be delivered to the following persons in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Adam Wenzke, Inmate
SBI # 182595
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

MANNER OF DELIVERY:

__One true copy by facsimile transmission to each recipient

X Two true copies by first class mail, postage prepaid, to each recipient

__Two true copies by Federal Express

__Two true copies by hand delivery to each recipient

_____/s/ Ophelia M. Waters_____
Ophelia M. Waters, (Atty. ID #3879)
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Adam Wenzke, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 07-504-MPT |
| | ) | |
| Correctional Medical Services, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT OF JEREMY McENTIRE**

Jeremy McEntire, Treatment Services Administrator for Department of Correction, having been duly sworn according to law, deposes and states as follows:

1. I am employed by the State of Delaware, Department of Correction ("DOC") as a Treatment Services Administrator. I commenced employment on January 26, 2006. My responsibilities include providing administrative and technical support to the DOC in areas of medical, mental health and substance abuse services. I contacted Ronnie Moore, Health Services Administrator, at the Delaware Correctional Center ("DCC") on or about January 16, 2008, regarding inmate Wenzke's (SBI 182595) complaint of failure to treat his testicular condition.

2. I make this affidavit based upon my conversation with the Health Services Ronnie Moore Administrator at the DCC.

3. On December 18, 2006, Adam Wenzke completed an ultrasound test which revealed bilateral cysts, at 1.0 cm, no masses.

4. On March 9, 2007, Mr. Wenzke was seen by Dr. Smith at the Howard R Young Correctional Institution for another ultrasound test related to complaint of pain in his right testicle. Again, on April 4, 2007, Mr. Wenzke met with Dr. Smith for a follow-up visit and request another ultrasound be performed.

5. On December 20, 2007, Dr. Derossier, examined Mr. Wenzke, and diagnosed "epidermal cysts" with some tenderness noted. Dr. Derossier wrote an Order for a urology consult, and some Tylenol for the discomfort.

6. On January 11, 2008, an ultrasound was completed, but the results were not yet available at the time of my review. I have been advised that Health Services Administrator Moore will obtain the test results and provide them to the doctor for review and scheduling another urologist consult.

_____
Jeremy McEntire

SWORN TO AND SUBSCRIBED before me this 17th day of January, 2008.

_____
Notary