IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ADAM WENZKE
PLAINTIFF

V

CORRECTIONAL MEDICAL SERVICES, et al.
DEFENDANTS

CRIMINAL ACTION NO: 07-504-MPT

JURY TRIAL REQUESTED

FILED
JAN 30 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

PLAINTIFFS ANSWERE TO DEFENDANTS "MOTION OF OPPOSITION" TO HIS PRELIMINARY INJUNCTION

NOW COMES PLAINTIFF, ADAM T. WENZKE, TO ANSWERE DEFENDANTS OPPOSITION TO HIS REQUEST FOR TRO / AND PRELIMINARY INJUNCTION.

1) PLAINTIFFS MOTION MEETS ALL OF THE NECESSARY REQUIRMENTS TO OBTAIN A PRELIMINARY INJUNCTION. AS SUCH, PLAINTIFF SHOULD BE AFFORDED A HEARING, AS PROVIDED BY LAW, TO PROVE THE MERITS OF HIS MOTION.

2) WHILE COURTS DO NOT GRANT PRELIMINARY INJUNCTIONS TO ANY AND ALL PLAINTIFFS, THERE ARE A SIGNIFICANT NUMBER OF TIMES WHERE PRELIMINARY INJUNCTIONS HAVE BEEN GRANTED WHERE THE FACTS WARRENTED SUCH ACTION, AS IN THIS CASE. THE DEFENDANTS MOTION

WOULD LEAD ONE TO BELIEVE THAT THE COURT WOULD BE SETTING A LEGAL PRECEDENT BY GRANTING SAID MOTION. TO THE CONTRACY, IT IS THE COURTS DUTY TO INTERCEDE WHEN PRISON OFFICIALS OVER STEP THE BOUNDS OF LAW IN THEIR ADMINISTRATION.

3) PLAINTIFF HAS NOT WAITED OVER "3 1/2" YEARS, TO BRING COMPLAINTS NOR HAS HIS COMPLAINTS SUDDENLY TAKEN ON A "SPECIAL URGENCY". FROM MAY OF 2004 UNTIL THE PRESENT DAY, PLAINTIFF HAS TRIED NUMEROUS TIMES OVER THE MONTHS, TURNED INTO YEARS TO SEEK PROPER MEDICAL TREATMENT FROM DEFENDENTS, AND HAS SUFFERED AND COMPLAINED (SEE ATTACHED EXIBITS A THRU Z AND EXHIBITS A-1 THRU A-21) OF HIS CONSTANT PAIN "SOMETIMES SEVER" BECAUSE OF THE NATURE OF THE SITUATION, AND CONTINUEALLY BRUSHED OFF TO SOMEONE ELSE AND IGNORED BY ALL DEFENDANTS.

(EXHIBIT X-3, X-5, X8, X26) NO TEST RESULT IN FILE.

4) ON SEPT. 21, 2004 I HAD A ULTRASOUND. C.M.S. TOLD ME NOTHING WAS WRONG. I STILL COMPLAINED OF SEVER PAIN AND SHARP PAINS ALL THE TIME. They gave ME ASPIRIN AND SAID I WAS ON THE LIST TO SEE ANOTHER DOCTOR. THAT NEVER HAPPENED. ON Feb. 24, 2005 I WAS TRANSFERED FROM D.C.C TO HRYCI. I continued TO SUFFER AND COMPLAIN THROUGH SICK CALLS, LETTERS AND MEDICAL GRIEVANCES AND ALL THEY WOULD DO IS GIVE ME MOTRIN AND TELL ME THERE'S NOTHING WRONG. I took so much MOTRIN THAT my left SIDE felt like IT WAS GOING TO EXPLODE, Then MEDICAL switched me TO Tylenol AND TOLD ME THATS ALL They CAN DO FOR ME. I STILL CONTINUED TO complain until OCT. 13, 2006 WHEN DOCTOR Consley EXAMINED ME AND

FOUND A SMALL MASS, THEN HE SCHEDULED ME TO A UROLOGIST.

5) ON NOV. 16, 2006 I WAS SENT TO THE Urologist AND SAW THE DOCTOR FRANCIS J. Shanne. HE EXAMINED ME, felt the MASS AND ORDERED ANOTHER ULTRA-SOUND. FRANCIS J. Shanne TOLD ME AFTER HE READS THE RESULTS HE WOULD BRING ME BACK because THERE WAS A POSSIBILITY I COULD LOSE my RIGHT TESTICAL, DEPENDING ON WHAT THE ULTRA SOUND REVEALED.

6) ON DEC. 18, 2006 I HAD A SECOND ULTRA SOUND DONE BY ORDERS OF DR. FRANCIS J. Shanne. The TECHNITION TOLD ME I HAD A MASS ON BOTH TESTICALS AND THE Urologist WOULD CALL ME BACK AFTER HE SAW THE RESULTS.

7) I WENT TO A MEDICAL GRIEVANCE HEARING CONCERNING This MATTER ON JAN 11, 2007. They TOLD ME I WOULD BE SENT BACK TO THE Urologist I SAW before. I APPEALED BECAUSE I DIDN'T BELIEVE Them because of the way they SAID IT, AND THE Look on EVERYBODYS FACES.

8) OVER THE COURSE OF THAT YEAR "2007" I WROTE MANY people IN The PRISON CONCERNING my SUFFERING AND MISERY. (EXIBITS Y AND Z) Also (EXHIBITS A-1 THRU A-14). I Also WON MY MEDICAL GRIEVANCE Appeal ON April 25, 2007 (EXIBIT A-8) The ONLY TREATMENT I WAS GETTING FROM ANYONE WAS ASPIRIN IS ALL WE CAN DO FOR YOU. WEST v. KEVE 571 F2d

158 C.A. DEC 1978 (STATES:) ALTHOUGH THE PLAINTIFF HAS BEEN PROVIDED WITH ASPIRIN, THIS MAY NOT CONSTITUTE ADEQUATE MEDICAL CARE. IF "DELIBERATE INDIFFERENCE CAUSED AN EASIER AND LESS EFFICACIOUS TREATMENT" TO BE PROVIDED, THE DEFENDANTS HAVE VIOLATED THE PLAINTIFFS Eighth Amendment Rights By Failing TO PROVIDE ADEQUATE MEDICAL CARE. Williams V. Vincent 508 F.2d. 541, 544 (2d CIR. 1974)

9) ON SEPT 11, 2007 I WAS TRANSFERED AGAIN OUT OF THAT PRISON HYRCI BACK TO D.C.C. AND PLACED IN LOCK-DOWN STATUS WITH NO WRITE-UP, NO DIRTY URINES, AND NO PAPER WORK AT ALL TO JUSTIFY THE STATUS DROP.

10) IN NOV. 2007 MY MOTHER CALLED THE UROLOGIST AND ASKED WHY IT WAS TAKING SO LONG TO SEE ME AGAIN FOR PAIN, AND TESTICULAR MASSES, WHICH WERE LATER NAMED AS BILATERAL CYSTS, OR INTERMITTENT TORSION. (EXHIBIT X-12) FRANCIS J. SHANNE M.D. TOLD HER THE PRISON NEVER SENT THE RESULTS BACK TO HIM OR SCHEDUALED ANOTHER FOLLOW UP APPOINTMENT WHICH HE RECOMMENDED. C.M.S TOLD ME THEY DID, WHICH WAS UNTRUE. I ALSO WROTE THE UROLOGIST ON OCT. 14, 2007 BUT HE TOLD MY MOTHER KENDA BIAS HE NEVER RECIEVED THAT LETTER (EXHIBIT A-15 A-16). SO I WROTE HIM AGAIN ON NOV. 18, 2007 (EXIBIT A-19 A-20) MR FRANCIS J. SHANNE CALLED MY MOTHER AND TOLD HER HE RECIEVED MY SECOND LETTER AND HE WAS WONDERING WHAT HAPPENED TO ME. HE ALSO TOLD HER HE WOULD CONTINUE TO CALL THE PRISON EVERY WEEK UNTIL SOMEBODY ACTUALLY DOES SOMETHING TO HELP ME.

11) ON JAN 11, 2008 I WAS TRANSPORTED TO M.D.I FOR A THIRD ULTRASOUND, which the technition TOLD ME I HAD MASSES (BILATERAL CYSTS) AND AFTER THE DOCTOR REVIEWED THE RESULTS They would let me know something. They TOLD ME the SAME Thing 13 months earlier ON DEC 18, 2006 on my SECOND ULTRA SOUND where they knew I HAD INTERMITTEN TORSION AND/OR BILATERAL CYSTS. MEDICAL ALSO TOLD ME EVERYTHING WAS NORMAL IN Sept. 2004 on my FIRST ULTRA SOUND but ON (EXHIBIT X-26) Some one wrote down TWO QUESTIONABLE PROBLEMS. THE FIRST looks to SAY epadidymal AND I CAN'T READ The SECOND.

12) YOUR HONOR, I'VE BEEN VERY PACIENT WITH THE DEFENDANTS OVER THE PAST 3½ YEARS. DURING which TIME THE ONLY TREATMENT I ACTUALLY RECIEVED WAS 3 ULTRA SOUNDS AND SOME ASPIRIN. Their ARE Bilateral cysts ON THE PART of the TESTICAL THAT MAKE THE SPERM, AND IT HURTS VERY much. ASPIRIN is NOT ADEQUIT TREATMENT FOR This TYPE OF Problem. I NEED Them REMOVED surgicaly. I only hope AND PRAY THAT They CAN fix the painful problem INSTEAD of LOSING A TESTICAL because I'VE been basicaly ignored for so long. IF I WAS'NT IN PRISON I COULD HAVE TAKEN CARE of this AFTER THE FIRST ULTRA SOUND IN Sept 2004, INSTEAD OF PRACTICALY BEGGING MEDICAL TO HELP ME ALL This TIME.

13) MRS Ophelia M. WATERS WAS KIND ENOUGH TO SEND ME MY MEDICAL RECORDS which I APPRECIATE VERY much, But theirs Alot of paper WORK THAT'S NOT IN THERE, 90% of my PAPERWORK isn't IN There.

So, Im SENDING ANOTHER copy of my RECORDS with RELATED copies of my MEDICAL RECORDS FOR REVIEW TO BOTH SIDES. I DID NOTICE ON (EXHIBITS X-19) ON my MEDICAL RECORDS THAT They were RECOMMENDING I WAIT TILL AFTER I WAS RELEASED TO DEAL WITH The ISSUE.[1] Your Honor, I'VE BEEN IN PRISON FOR 12 YEARS, I HAVE ABOUT 15 months Left before I'm RELEASED. I JUST CAN'T WHAT NO Longer, PLEASE! I'VE ALREADY WAITED, complained, AND suffered long enough.

14) The DEFENDANTS, By Their opposition Motion, HAVE ATTEMPTED TO OBFUSCATE The ISSUES AT HAND By INCLUDING CASES IN SAID MOTION which HAVE NO RELATIONSHIP TO WENZKE V CMS, et.al. Also, their ARE STATMENTS IN THE OPPOSITION MOTION THAT ARE UNTRUE. MR JEREMY McENTIRE SWORE TO STATEMENTS IN (DEFENDANTS EXHIBIT A) THAT ARE UNTRUE. They JUST have The facts MESSED UP A LITTLE Bit, THATS ALL.

15) YOUR HONOR, I JUST DONT KNOW WHAT ELSE TO SAY. I believe The PROOF OF my ARGUMENTS ARE ENCLOSED IN THIS MOTION AGAINST DEFENDANTS MOTION OF OPPOSITION TO my REQUEST FOR A PRELIMINARY INJUNCTION. PRISON MEDICAL RECORDS EXHIBITS X-1 THRU X-31 MY PERSONEL RECORDS ENIBITS A THRU Z AND EXHIBITS A-1 THRU A-21.

FOOTNOTE (1) This WAS 3 WEEKS AFTER MY SECOND ULTRA SOUND AND They KNEW Their WAS A problem (EXHIBIT X-12)

16) NOTHING THE PLAINTIFF HAS ASKED FOR IN HIS MOTION WOULD POSE A GREATER HARDSHIP ON THE DEFENDANTS. THE PLAINTIFF HAS ASKED FOR NOTHING THAT IS OUTSIDE THE BOUNDS OF THE NORMAL AND PROPER RUNNING OF A PRISON. THE REQUESTED TREATMENT IS ONLY WHAT IS APPROPRIATE FOR THIS KIND OF PAINFUL AND EMBARRESING SITUATION. IM ACTUALLY BEGGING THE COURT NOT TO DISMISS PLAINTIFFS MOTION FOR A PRELIMINARY INJUCTION.

WHEREFORE, PLAINTIFF RESPECTFULLY REQUEST THAT THE COURT GRANT HIS MOTION FOR A TRO/AND PRELIMINARY INJUNCTION IN ALL RESPECTS. THANK YOU.

JAN 28, 2008
[DATE]

Adam Wenzke
[NAME]

IF ANY ONE WOULD LIKE TO CONTACT FRANCIS J SHANNE M.D. of the UROLOGIC SURGICAL ASSOCIATES OF DELAWARE FOR ANY QUESTIONS:

**Urologic Surgical Associates of Delaware**

2600 Glasgow Avenue
Suite 200
Newark DE 19702-4777
302-836-5500
302-836-5662 Fax

1815 W. 13th Street
The Station, Unit 5
Wilmington, DE 19806
302-571-8958
302-571-1320 Fax

**Francis J. Schanne, M.D.** **Sadashiva Rao, M.D.**
**Thomas J. Desperito, M.D.** **Ryan Richards, P.A. - C**

www.usadelaware.com

CERTIFICATION OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED UPON ALL PERSONS LISTED BELOW A TRUE AND CORRECT COPY OF PLAINTIFFS ANSWERE TO DEFENDANTS MOTION OF OPPOSITION TO HIS TRO/PRELIMINARY INJUNCTION, IN THE ABOVE CAPTIONED MATTER THIS DATE BY REGULAR MAIL.

DEPARTMENT OF JUSTICE
CARVEL STATE OFFICE BUILDING
Ophelia M. WATERS - DEPUTY ATTORNEY GENERAL
820 N. FRENCH STREET, 6th FL.
Wilm, DE 19801

OFFICE OF THE CLERK
U.S. DISTRICT COURT
844 N. KING St. Lockbox 18
Wilmington, DE 19801

JAN 28, 2008
[DATE]

Adam Wenzke
[NAME]

I/M ADAM WENZKE
SBI# 182595 UNIT C
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office OF THE CLERK
U.S. DISTRICT COURT
844 N. KING ST (Lockbox 18)
Wilm, DE
19801

LEGAL MAIL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| Adam Wenzke, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 07-504-MPT |
| | ) | |
| Correctional Medical Services, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT WELCH'S OPPOSITION TO PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**

Defendant Jim Welch, Director of Health Services for the Delaware Department of Correction, (hereinafter "State Defendant"), by and through undersigned counsel, hereby respectfully responds to Plaintiff's Motion for Injunctive Relief (D.I.11). In support thereof, State Defendant states as follows:

**LEGAL STANDARD**

1. Federal Rules of Civil Procedure Rule 65(a) sets out the standard to bring into play injunctive relief. Injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." *Frank's GMC Truck Center, Inc. v. General Motors Corp.*, 847 F.2d

Severe PAIN IN RIGHT TESTICAL IS

100, 102 (3d Cir.1988), cited in *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir.1989). The purpose of injunctive relief is not to address alleged past wrongs, but to prevent future violations. *See United States v. Barr Lab., Inc.* 812 F. Supp. 458, 487-488 (D.N.J. 1993). Therefore, the party seeking an injunction must demonstrate that the threatened injury is immediate. *See Hohe v. Casey*, 868 F.2d 69, 73 (3d Cir.1989), *cert. denied*, 493 U.S. 848 (1989).

2. When ruling on a motion for preliminary injunctive relief, the district court must consider four factors: (1) the likelihood that the applicant will prevail on the merits at final hearing; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the extent to which the defendants will suffer irreparable harm if the preliminary injunction is issued; and (4) the public interest. *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197-98 (3d Cir.1990). Nevertheless, a party moving for injunctive relief has the burden to demonstrate the existence of an immediate irreparable injury that has no remedy at law if the defendant is not enjoined from committing certain acts. Indeed, relief will be denied if the moving party demonstrates only a mere possibility of harm.

3. In order to grant injunctive relief, the court must be sufficiently satisfied that the party seeking relief has demonstrated that all four factors are present. *Clean Ocean Action v. York*, 57 F.3d 328, 331 (3d Cir.1995). All four factors should favor preliminary relief before the injunction will issue. *S & R Corp. v. Jiffy Lube Intern, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992). Plaintiff fails to meet his burden and his motion for preliminary injunction should be denied.

**PLAINTIFF CANNOT SHOW LIKELIHOOD OF SUCCESS ON THE MERITS**

4. Plaintiff must show both a likelihood of success on the merits and probability of immediate and irreparable harm. Plaintiff claims that he is experiencing tenderness in his testicles, and he requests to be sent to the Urologic Surgical Associates of Delaware to see Frances J, Shanne, M.D for treatment. (D.I. 11). A review of plaintiff's medical charts reveals that he has been provided treatment by prison doctors Smith and Derossier who are able to present an appropriate treatment plan and recommendation. Plaintiff's request for specific doctors and treatment is unreasonable. His request should be denied.

[Handwritten: EXHIBIT X-12] [Handwritten: PAIN & SEVER PAIN] [Handwritten: UNTRUE]

[Handwritten: I ONLY ASKED FOR THIS DOCTOR BECAUSE HE ALREADY KNEW MY CASE AND EXAMINED ME.]

5. On or about December 18, 2006, plaintiff underwent ultrasound testing to

[Handwritten: I WAS NOT BEING UNREASONABLE.]

examine ~~possible~~ scrotal mass. (See McEntire Affidavit attached as Exhibit "A"). A review of the ultrasound results revealed [IS THE] bilateral cysts, 1.0 cm. ~~No~~ masses were detected. Id. On or about December 20, 2007, [ONE YEAR LATER] Dr. Derossier examined plaintiff and diagnosed epidermal cysts with noted tenderness. [PAIN] Id. Following the diagnosis, plaintiff was given another ultrasound [3RD ONE] to ascertain the appropriate course of sustained treatment. [ASPIRIN IS NOT TREATMENT] Id.

**PLAINTIFF FAILS TO DEMONSTRATE A THREAT OF IRREPARABLE HARM**

6. As previously stated plaintiff must demonstrate all four elements necessary for a preliminary injunction: 1) likelihood of success on the merits; 2) the extent of irreparable harm to plaintiff; 3) the extent to which the defendants will suffer irreparable harm if the preliminary injunction is issued and (4) the public interest.

7. In order for plaintiff to set forth a cognizable Eighth Amendment claim, he must allege: (1) serious medical need, [PAINFUL CYST ON TESTICALS] and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. [AFTER CYSTS were discovered - ASPIRIN for so called TREATMENT.] *Estelle v. Gamble,* 429 U.S. 97, 103-105 (1976); *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir.1999). " A prison official is 'deliberately indifferent' to serious medical need if he knows that prisoner faces substantial risk of serious harm [LOSS OF TESTICAL] and fails to take reasonable steps to avoid harm." *Farmer v. Brennan,* 511 U.S. 825 (1994). Here, prison officials have not intentionally denied or delayed plaintiff's access to medical care. [3 ULTRASOUNDS + ASPIRIN over 3 1/2 YEARS] Albeit plaintiff is entitled to adequate medical care, he "has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Blackston v. Correctional Medical Services, Inc.*, 499 F. Supp.2d 601, 605 (D. Del.2007). Clearly, the medical records submitted herein reflect that scrotal cysts are diagnosed. See Wanzke Medical Records **[sealed]** submitted pursuant to D.I.14. The records also show that plaintiff is undergoing treatment as a result of his diagnosis. The treatment included ultrasound testing, and the administration of medication, [ASPIRIN] as well as follow-up medical visits. [NO ONE DOES ANYTHING] There is not

anything in the records to suggest or support a claim that plaintiff was refused or denied medical treatment. my Records

8. Plaintiff cannot demonstrate a likelihood of success on the merits of a deliberate indifference to a serious medical need claim. *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d at 197-98. In addition, a continued course of medical treatment obviates irreparable injury to plaintiff.

WHEREFORE, the State Defendant respectfully requests that this Honorable Court enter an Order denying Plaintiff's motion.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters (Bar ID #3879)
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Counsel for State Defendant

DATED: January 18, 2008

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| Adam Wenzke, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 07-504-MPT |
| | ) | |
| Correctional Medical Services, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT OF JEREMY McENTIRE**

Jeremy McEntire, Treatment Services Administrator for Department of Correction, having been duly sworn according to law, deposes and states as follows:

1. I am employed by the State of Delaware, Department of Correction ("DOC") as a Treatment Services Administrator. I commenced employment on January 26, 2006. My responsibilities include providing administrative and technical support to the DOC in areas of medical, mental health and substance abuse services. I contacted Ronnie Moore, Health Services Administrator, at the Delaware Correctional Center ("DCC") on or about January 16, 2008, regarding inmate Wenzke's (SBI 182595) complaint of failure to treat his testicular condition.

2. I make this affidavit based upon my conversation with the Health Services Ronnie Moore Administrator at the DCC.

DID NOT GO BACK FAR ENOUGH → MAY 2004 AND every-thing inbetween.

3. On December 18, 2006, Adam Wenzke completed an ultrasound test which revealed bilateral cysts, at 1.0 cm, no masses.

TRYING TO DOWN PLAY MY SITUATION

NO EXAM AT ALL

THIS IS NOT TRUE.

4. On March 9, 2007, Mr. Wenzke was seen by Dr. Smith at the Howard R Young Correctional Institution (for another ultrasound test related to complaint of pain in his right testicle) Again, on April 4, 2007, Mr. Wenzke met with Dr. Smith for a follow-up visit and request another ultrasound be performed.

FOR something different

I ASKED ABOUT THE UROLOGIST - TEST NEVER ORDERED!

HE TOLD ME HE REQUESTED Another ultrasound

5. On December 20, 2007, Dr. Derossier, examined Mr. Wenzke, and diagnosed "epidermal cysts" with some tenderness noted. Dr. Derossier wrote an Order for a urology consult, and some Tylenol for the discomfort.

DOWN PLAY MY CONDITION

PAIN / SEVERE PAIN NEVER have I SAID there was tenderness

I WAS ALREADY GETTING PAIN

6. On January 11, 2008, an ultrasound was completed, but the results were not yet available at the time of my review. I have been advised that Health Services Administrator Moore will obtain the test results and provide them to the doctor for review and scheduling another urologist consult.

Jeremy McEntire

SWORN TO AND SUBSCRIBED before me this 17th day of January, 2008.

Notary

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Adam Wenzke, )
)
Plaintiff, )
)
v. ) C.A. No.: 07-504-MPT
)
Correctional Medical Services, et al. )
)
)
Defendants. )

**ORDER**

Upon Plaintiff Adam Wenzke's motion for a preliminary injunction and Defendant Jim Welch's response in opposition to plaintiff's motion and, after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff Adam Wenke's Motion is **DENIED.**

SO ORDERED this ________ day of _____________, 2008.

______________________________
The Honorable Mary Pat Thynge
United States District Court

## *CERTIFICATE OF MAILING AND/OR DELIVERY*

I, Ophelia M. Waters, Esq., hereby certify that on January 18, 2008, I caused a true and correct copy of the attached ***Opposition to Plaintiff's Motion for Injunctive Relief*** to be delivered to the following persons in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Adam Wenzke, Inmate
SBI # 182595
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

MANNER OF DELIVERY:

__One true copy by facsimile transmission to each recipient

X Two true copies by first class mail, postage prepaid, to each recipient

__Two true copies by Federal Express

__Two true copies by hand delivery to each recipient

/s/ Ophelia M. Waters
Ophelia M. Waters, (Atty. ID #3879)
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400

## Briefs, Responses and Replies

1:07-cv-00504-***-MPT Wenzke v. Correctional Medical Systems et al

PaperDocuments

**U.S. District Court**

**District of Delaware**

### Notice of Electronic Filing

The following transaction was entered by Waters, Ophelia on 1/18/2008 at 4:34 PM EST and filed on 1/18/2008

**Case Name:** Wenzke v. Correctional Medical Systems et al
**Case Number:** 1:07-cv-504
**Filer:** Jim Welch
**Document Number:** 23

**Docket Text:**
RESPONSE to Motion re [11] MOTION for Preliminary Injunction MOTION for Temporary Restraining Order *(Defendant Welch's Opposition to Plaintiff's Motion for Injunctive Relief)* filed by Jim Welch. (Attachments: # (1) Exhibit A)(Waters, Ophelia)

**1:07-cv-504 Notice has been electronically mailed to:**

**1:07-cv-504 Notice has been delivered by other means to:**

Adam Wenzke
SBI# 182595
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=1/18/2008] [FileNumber=505199-0] [1ec90f6aba86eee04eed0f528ec5e39788ef19affc9b83ca204b2d9d5b0ab5cb6d80 713eb1b90ae159f14405dbf9b194f30b6b77f9a859f7439c5891654dfb33]]
**Document description:**Exhibit A
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=1/18/2008] [FileNumber=505199-1] [6077b55b07c5c286c1dacb624e8e49e28f8975ba0151845a381c5ae703efd0f6e9f9 ed7d45868a990c1c58d6ea4e96cd8e3fa90ab7af117688b0c7dd35e40026]]