IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADAM WENZKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-504-SLR |
| | ) |
| CORRECTIONAL MEDICAL SERVICES, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 19th day of February, 2008, having considered plaintiff's motion for a preliminary injunction (D.I. 11), and the papers submitted thereto;

IT IS ORDERED that the motion is **denied**, for the reasons that follow:

1. Plaintiff Adam Wenzke, a prisoner housed at the Delaware Correctional Center, Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. On January 3, 2008, he filed a motion for preliminary injunction for immediate medical treatment of testicular masses. (D.I. 11) Defendant Jim Welch, director of health services for the Delaware Department of Correction ("DOC"), opposes the motion. (D.I. 23)

2. **Standard**. When considering a motion for a temporary restraining order or preliminary injunction, plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359

(3d Cir. 1980)(quoting Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

3. **Discussion**. Plaintiff complains that he has been suffering from testicular problems since 2004 and is in great pain. He alleges that defendants are aware of his condition, but are not providing him treatment. Defendant Welch responds that plaintiff's motion should be denied because plaintiff is not likely to succeed on the merits of his claim and that he is not in danger of suffering irreparable harm.

4. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Estelle v. Gamble, 429 U.S. at 104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." Estelle v. Gamble, 429 U.S. at 104-05. "[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. Harrison v. Barkley, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but

believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. Estelle v. Gamble, 429 U.S. 97, 107 (1976). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

5. The court has reviewed plaintiff's medical records. They indicate that he has been provided treatment by prison doctors Smith and Derossier who are following a treatment plan for plaintiff's condition. Plaintiff underwent ultrasound testing on December 18, 2006, to examine possible scrotal mass. (D.I. 23, ex. A) The ultrasound revealed bilateral cysts, 1.0 cm., but no masses were detected. (Id.) Plaintiff was examined by Dr. Derossier on December 20, 2007, and he diagnosed epidermal cysts with noted tenderness. (Id.) On January 11, 2008, plaintiff received another ultrasound. (D.I. 27, ex.) Plaintiff advises the court that the technician told him he would be "informed at a later date after a doctor examined the test results." Medical records indicate that prison physicians were waiting for the results of the ultrasound to determine whether there is a need for a urology consultation. (D.I. 23, ex. A)

6. Given the exhibits submitted to the court, plaintiff has not demonstrated the likelihood of success on the merits. The records indicate that, prior to the time he filed his motion for injunctive relief, plaintiff received medical care for his testicular condition. Moreover, within the past month, plaintiff has undergone medical testing for his condition and, depending upon the results, may be referred for a urology consultation. Based upon the foregoing, plaintiff has not demonstrated the likelihood of success on the merits to justify the issuance of immediate injunctive relief.

7. **Conclusion**. Therefore, the motion for a preliminary injunction (D.I. 11) is **denied**.

                                                                     _____
                                                                     UNITED STATES DISTRICT JUDGE