UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

ADAM WENZKE,                              )
                                         )      Case No. 007-504 SLR
                  Plaintiff,             )      JURY TRIAL DEMANDED
         v.                              )
                                         )
CORRECTIONAL MEDICAL SYSTEMS, )
DR. TADEO, DR. DOROSIER,                 )
MR. ALTON, DR. SMITH,                    )
MR. JIM WELCH, BETTY BRADLEY,            )
NECHELLE D. BUTCHER, and                 )
STEPHANIE MOWBRAY,                       )
                                         )
                  Defendants.            )
--------------------------------------------------------

**ANSWER TO COMPLAINT**

Defendants Correctional Medical Services[1], Scott S. Altman[2], Dr. Desrosiers[3], Betty Bradley, Nechelle Butcher, and Stephanie Mowbray (collectively, "Answering Defendants"), by and through their undersigned counsel, for their Answer to Plaintiff's Complaint, state as follows:

1. -12. The allegations of these paragraphs are not directed toward Answering Defendants and so no response is required. In addition all claims for events prior to August 13, 2005 were dismissed by the Court. (D.I. 8)

13. To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied. Answering Defendants are without information or knowledge sufficient to form a belief as to allegations regarding statements or actions of third parties to which Answering Defendants did not witness and so such allegations are denied.

---

[1] Improperly identified as "Correctional Medical Systems".
[2] Improperly identified as "Mr. Alton".
[3] Improperly identified as "Dr. Dorosier".

14.    To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.  Answering Defendants are without information or knowledge sufficient to form a belief as to allegations regarding statements or actions of third parties which Answering Defendants did not witness and so such allegations are denied.

15.    To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.

16.    To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.

17.    To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.

18.    To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.

19.    To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.

20.    To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.

21.    To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.

22.    To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.

23.    To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.

24.     To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied. Answering Defendants are without information or knowledge sufficient to form a belief as to allegations regarding statements or actions of third parties which Answering Defendants did not witness and so such allegations are denied.

25.     To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied. Answering Defendants are without information or knowledge sufficient to form a belief as to allegations regarding statements or actions of third parties which Answering Defendants did not witness and so such allegations are denied.

26.     To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.

27.     To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.

28.     To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.

29.     To the extent the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.

30.     To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.

31.     To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.

32.     To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied. Answering Defendants are without information or

knowledge sufficient to form a belief as to allegations regarding statements or actions of third parties which Answering Defendants did not witness and so such allegations are denied.

33.     To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.  Answering Defendants are without information or knowledge sufficient to form a belief as to allegations regarding statements or actions of third parties which Answering Defendants did not witness and so such allegations are denied.

34.     To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.

35.     To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.  Answering Defendants are without information or knowledge sufficient to form a belief as to allegations regarding statements or actions of third parties which Answering Defendants did not witness and so such allegations are denied.

36.     To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.

37.     To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.  Answering Defendants are without information or knowledge sufficient to form a belief as to allegations regarding statements or actions of third parties which Answering Defendants did not witness and so such allegations are denied.

38.     To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.  Answering Defendants are without information or knowledge sufficient to form a belief as to allegations regarding statements or actions of third parties which Answering Defendants did not witness and so such allegations are denied.

39.     To the extent the allegations of this paragraph are consistent with Plaintiff's medical records, they are admitted; otherwise denied.  Answering Defendants are without information or knowledge sufficient to form a belief as to allegations regarding statements or actions of third parties which Answering Defendants did not witness and so such allegations are denied.

## ADDITIONAL DEFENSES

1.     Plaintiff fails to state a claim upon which relief can be granted.

2.     Answering Defendants were not deliberately indifferent to any serious medical need.

3.     Plaintiff fails to state a claim against Answering Defendants for medical negligence.

4.     To the extent Plaintiff states a claim for medical negligence, such claim is barred by Plaintiff's failure timely to file, or seek an extension to file, an affidavit of merit pursuant to 18 *Del. C.* § 6853.

5.     Plaintiff's claims are barred by the statute of limitations.

6.     Answering Defendants were not acting under color of State or Federal law.

7.     Plaintiff fails adequately to plead a claim for punitive damages.

8.     Answering Defendants provided Plaintiff with medical care that was appropriate and adequate for his conditions and which met the applicable standard of care.

9.     Answering Defendants, at all times material to the allegations in the Complaint, acted in good faith and with the reasonable belief, both objective and subjective, that their actions were lawful and not in violation of the rights of Plaintiff under the Constitution and laws of the United States and/or the State of Delaware.

10.     Answering Defendants are entitled to good faith immunity.

11.     Plaintiff's claims may be barred or limited by the provisions in the United States Civil Rights Act, as discovery may show.

12.    Plaintiff's claims may otherwise be barred by 28 U.S.C. §1915.

13.    Plaintiff's claims may be barred or limited by contributory/comparative negligence.

14.    Plaintiff failed to mitigate his damages.

15.    CMS had no policy or custom demonstrating deliberate indifference to Plaintiff's alleged serious medical need.

16.    Answering Defendant CMS is immune from liability under State law through the State Tort Claims Act, 10 Del. C. § 4001, *et seq*.

17.    Plaintiff's claims against CMS pursuant to 42 U.S.C. § 1983 are or may be barred by the inapplicability of the doctrine of respondeat superior.

18.    Plaintiff's claims are barred by failure of service, by failure of service of process, lack of subject matter and/or personal jurisdiction.

19.    Answering Defendants hereby adopts any and all additional defenses hereinafter asserted by their co-defendants.

20.    Answering Defendants reserve the right to assert additional defenses in the future to the extent warranted by discovery.

21.    Plaintiff failed to exhaust his administrative remedies.

22.    To the extent Plaintiff refers to documents in his complaint, such documents speak for them selves, and the Court is respectfully referred to those documents for their contents.

WHEREFORE, Answering Defendants Correctional Medical Services, Scott S. Altman, Dr. Desrosiers, Betty Bradley, Nechelle Butcher, and Stephanie Mowbray respectfully request entry of judgment in their favor and against Plaintiff together with costs and attorneys' fees and such other relief as this Honorable Court deems just and appropriate.

BALICK & BALICK, LLC


      /s/ James E. Drnec
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Defendants
Correctional Medical Services, Scott S. Altman, Dr.
Desrosiers, Betty Bradley, Nechelle Butcher, and Stephanie
Mowbray

Date:   March 7, 2008

## CERTIFICATE OF SERVICE

I, James Drnec, hereby certify that on the 7th day of March, 2008, the foregoing Answer

to the Complaint was filed via CM/ECF and served First Class Mail upon the following:

        Adam Wenzke
        SBI# 182595
        Delaware Correctional Center
        1181 Paddock Road
        Smyrna, DE 19977

           /s/ James E. Drnec
           James E. Drnec, Esquire (#3789)