UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

ADAM WENZKE,                              )
                                          )          Case No. 007-504 SLR
            Plaintiff,                    )          JURY TRIAL DEMANDED
    v.                                    )
                                          )
CORRECTIONAL MEDICAL SYSTEMS,             )
DR. TADEO, DR. DOROSIER,                  )
MR. ALTON, DR. SMITH,                     )
MR. JIM WELCH, BETTY BRADLEY,             )
NECHELLE D. BUTCHER, and                  )
STEPHANIE MOWBRAY,                        )
                                          )
            Defendants.                   )
-------------------------------------------------

## DEFENDANT CORRECTIONAL MEDICAL SERVICES, INC.'S
## FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant Correctional

Medical Services, Inc[1]. ("CMS") hereby requests Plaintiff to answer, separately and fully in

writing under oath, the following Interrogatories within thirty days of service hereof.

### DEFINITIONS AND INSTRUCTIONS

A.    "Document(s)", as used in these interrogatories, is employed in the broadest

possible sense under Rule 34 of the Federal Rules of Civil Procedure and means without

limitation any written, printed, typed, photostated, photographed, recorded or otherwise

reproduced communications or reproductions, whether privilege is asserted thereto or not and

including all copies or drafts of any such document which differ (by annotation or otherwise) in

any respect from the original.

B.    "Person", refers to the plural as well as the singular, of any natural person, firm,

corporation, association, group or organization, unless specifically stated otherwise.

---

[1] Incorrectly identified as "Correctional Medical Systems."

C.    "You" and "Your", as used in these interrogatories, shall mean the party to which these interrogatories are directed, its agents, officers, directors, and employees, and all other persons acting or purporting to act on its behalf of all of its representatives, including its attorneys. "You" and "your" refers to each plaintiff individually and all plaintiffs collectively, including plaintiffs' decedent and his estate. For each answer, identify the plaintiff on whose behalf it is made.

D.    "Identify", as applied to a person, means to furnish, except as otherwise noted, his or her name and present or last known residence and business address, and, if a corporation, the state of incorporation.

E.    Whenever you are requested to "identify" a communication of any type and such communication was oral, the following information should be furnished:

(a)    By whom it was made and to whom it was directed;

(b)    Its specific subject;

(c)    The date upon which it was made;

(d)    Who else was present when it was made; and

(e)    Whether it was recorded, described or summarized in any writing of any type and, if so, the identity of each such writing in the manner indicated below.

F.    Whenever you are requested to "identify" a communication and such communication was written, the following information should be furnished (in place of identification, production is acceptable):

(a)    Its nature (e.g., letter, memorandum, telegram, note, drawing, etc.);

(b)    Its specific subject;

(c)    By whom it was made and to whom it was directed;

(d)     The date upon which it was made; and

(e)     Who has possession of the original and any copies.

G.     If you object to any of the interrogatories herein, whether in whole or in part, on the grounds that the information sought therein is privileged or confidential, state the following:

(a)     Identify the privileged document or communication;

(b)     Identify the persons who received or have received the privileged document and/or the persons present during the privileged communication;

(c)     Identify the person who made the privileged document or communication;

(d)     Identify the general subject matter of the privileged document or communication; and

(e)     State the basis for your claim of privilege with respect to each such document or communication.

H.     These Interrogatories are considered to be continuing in character, and whenever additional information responsive to them, but not supplied in answer to them is obtained or becomes known to plaintiffs, it shall be supplied in writing under oath to defendant as though expressly requested by separate interrogatories.

I.     If the usage of any term, word, or phrase used herein makes it difficult for you to understand the meaning of the Interrogatory, do not object thereto.  Instead, immediately contact the undersigned counsel for clarification.

## INTERROGATORIES

1.     Please identify yourself fully, giving your full name, age, social security number, residence address, business address and occupation and, if married, give the name of your spouse and any children.

        **ANSWER:**

2.     Please describe in full detail (including, to the best of your ability, exact times and places) how the alleged occurrence happened, giving all events in detail in the order in which they occurred, before, at the time of and after the alleged occurrence which had any bearing on the cause and manner of the injuries you allege were proximately caused by the actions or omissions of CMS.  Use additional pages if necessary.

        **ANSWER:**

3.     Please state the name, current address or location of each person who was a witness to or has knowledge of any occurrence, event, fact, circumstance or discoverable matters upon which the Plaintiff's claims are based or founded, specifying the occurrence, event, fact, circumstance or discoverable matters to which each such person was a witness or had knowledge.

        **ANSWER:**

4.      Please identify all the specific acts or omissions of CMS you contend violated your Eighth Amendment rights.

**ANSWER:**

5.      Please identify all the specific acts or omissions of Nechelle Butcher you contend violated your Eighth Amendment rights.

**ANSWER:**

6.      Please identify all the specific acts or omissions of Betty Bradley you contend violated your Eighth Amendment rights.

**ANSWER:**

7.      Please identify all the specific acts or omissions of Stephanie Mowbray you contend violated your Eighth Amendment rights.

**ANSWER:**

8.      Please identify all the specific acts or omissions of Scott Altman ("Mr. Alton") you contend violated your Eighth Amendment rights.

   **ANSWER:**

9.      Please identify all the specific acts or omissions of Louise Desrosiers, M.D. ("Dr. Dorosier") you contend violated your Eighth Amendment rights.

   **ANSWER:**

10.     Please identify all the specific acts or omissions of Dr. Smith you contend violated your Eighth Amendment rights.

   **ANSWER:**

11.     Please identify all the specific acts or omissions of Dr. Tadeo you contend violated your Eighth Amendment rights.

   **ANSWER:**

12.     Identify and produce every grievance you submitted, and all responses thereto, regarding the allegations in the Complaint, Amended Complaint and Second Amended Complaint.

**ANSWER:**

14.     Describe in detail each and every physical, mental or emotional injury, both temporary and permanent in nature, which you allege you have suffered as a direct and proximate result of the actions or omissions of defendants.

**ANSWER:**

15.     For each injury which you allege constitutes a permanent injury, describe in detail the facts upon which you rely in alleging that this injury is permanent, providing the details necessary for this defendant to identify and locate any information upon which you rely in making this allegation (names and addresses of physicians consulted; names and addresses of experts consulted; titles, authors, publishers and dates of publication for written materials, etc.).

**ANSWER:**

16.     Insofar as you claim damages for future medical treatment, state the following:

(a)    Describe in detail the treatments, operations and hospitalization for plaintiff which you contend may be needed in the future;

(b)    Describe in detail the information and information sources upon which you rely in concluding that such future treatments, operations and hospitalization may be necessary;

(c)    The amount plaintiff claims for future medical and hospital expenses;

(d)    A detailed description of how that amount is calculated.

**ANSWER:**

17.    If you claim plaintiff sustained any loss of income or earning power as a result of the incident which is the subject of this litigation either in the past, present or in the future, state:

(a)    The total loss plaintiff claims was sustained;

(b)    The inclusive dates when plaintiff claims to have been wholly unable to work as a result of the incident and the reason you were unable to work on such dates;

(c)    The inclusive dates when plaintiff claims to have been partially unable to work as a result of the incident and the reason each was unable to work on such dates;

(d)    A specific description of the type or types of work plaintiff would have been performing or would have been able to perform during the period stated;

(e)    The rate of income plaintiff would have been able to receive except for the incident (as, for instance, one dollar per hour, 50 dollars per week, etc.);

(f)    The name and address of the person, corporation or other entity which

would have been plaintiff's employer;

      (g)    The total amount of money plaintiff had been paid by the employer during each of the six years preceding the incident which is the subject of this litigation;

      (h)    With reference to federal income tax returns, whether filed jointly or individually, state the amount of income declared for each of the six years preceding the answering of this interrogatory and the sources of all income declared (such as $5500 from bank interest, $100 in stock dividends, $10,000 in pension payments, etc.).

**ANSWER:**

18.    As to any photograph, diagram. X-ray, CT Scan, MRI, or other pictorial representation(s) upon which you intend to rely at trial, please state:

      (a)    If a photograph, whether moving or still and whether color or black and white;

      (b)    The name and address of the photographer, radiologist or graphic artist;

      (c)    The name and address of the person who suggested or ordered the representation;

      (d)    The date of taking or making;

      (e)    The place of taking or making;

      (f)    The subject matter shown;

      (g)    If you will do so without a motion to produce, attach a copy of each

pictorial representation to your answers to these interrogatories.

**ANSWER:**

19.    With reference to any expert who has been consulted by you, your attorney, or anyone on your behalf, concerning any aspect of the issues in this litigation, whether such issues involve liability, damages or other matters, state the name and address of such expert and the dates of each consultation.

**ANSWER:**

20.    With reference to any expert you expect to call to testify as a witness at the trial, state the name and address of such expert, and, as to each expert named, state:

(a)    The subject matter on which the expert is expected to testify;

(b)    The substance of the facts and opinions to which the expert is expected to testify;

(c)    A summary of the grounds for each opinion of the expert;

(d)    If the expert has prepared any report or other matter in writing pertaining to his opinions or the facts on which they are based, state the date of that matter in writing and the names and addresses of persons having copies of it;

(e)    Whether such expert rendered any care to the plaintiff and, if so, what care

and when;

        (f)      The date the expert was first consulted by the plaintiff's attorney;

        (g)      A brief chronological resume of the expert's education and professional background, including the associations or societies of which he is a member, and as to medical personnel, the names and addresses of all hospitals whose staff such experts are on or have had courtesy privileges or act or acted as consultants, a statement as to whether a medical expert is a medical doctor or osteopathic physician, and if any, a statement of the medical expert's field of specialization;

        (h)      The title, publisher, date and form of all documentary material published by each such expert within his field.

        **ANSWER:**

21.    Identify and produce all documents, and identify all factual information, submitted to any expert.

        **ANSWER:**

22.    If plaintiff or plaintiff's expert(s) intend to rely upon any textbook, periodical, paper or authority to substantiate or formulate any opinion or conclusion or to rely upon same in the plaintiff's examination or cross examination of any party witness or expert, state the exact title of

each, the name and address of the author and publisher and the sections or pages to be relied upon.

**ANSWER:**

23.    Set forth the name, address, telephone number and employment position of any and all witnesses you expect to call at trial and provide a brief summary of their expected testimony.

**ANSWER:**

24.    State what Plaintiff did for a living prior to his incarceration and provide:

(a) the name and address of each place of employment for the ten years prior to his incarceration;

(b) the rate at which he was paid by each employer;

(c) the length of time he worked for each employer;

(d) his job title at each employer.

**ANSWER:**

25.    What is your educational history?  Please identify:

(a) The highest level of education that you completed;

(b) All colleges and post-secondary institutions attended;

(c) All certifications held, and the source of those certifications;

(d) All vocational training you received.

**<u>ANSWER:</u>**

BALICK & BALICK L.L.C.

_____/s/ James E. Drnec_____
James E. Drnec (DE Bar # 3789)
711 King Street
Wilmington, DE 19801
(302) 658-4265
Attorneys for Defendants

Dated: August 6, 2008

13

## CERTIFICATE OF SERVICE

I, James Drnec, hereby certify that on the 7th day of August, 2008, the foregoing

Defendant Correctional Medical Services, Inc's First Set of Interrogatories Directed to Plaintiff

were filed via CM/ECF and served First Class Mail upon the following:

> Adam Wenzke
> SBI# 182595
> Delaware Correctional Center
> 1181 Paddock Road
> Smyrna, DE 19977

_____/s/ James E. Drnec_____
James E. Drnec, Esquire (#3789)

<u>**CERTIFICATE OF SERVICE**</u>

I, James Drnec, hereby certify that on the 7th day of August, 2008, the foregoing Defendant Correctional Medical Services, Inc's First Set of Interrogatories Directed to Plaintiff were filed via CM/ECF and served First Class Mail upon the following:

Adam Wenzke
SBI# 182595
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977


_____/s/ James E. Drnec_____
James E. Drnec, Esquire (#3789)