UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| ADAM WENZKE, ) | |
| ) | Case No. 007-504 SLR |
| Plaintiff, ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | |
| CORRECTIONAL MEDICAL SYSTEMS, ) | |
| DR. TADEO, DR. DOROSIER, ) | |
| MR. ALTON, DR. SMITH, ) | |
| MR. JIM WELCH, BETTY BRADLEY, ) | |
| NECHELLE D. BUTCHER, and ) | |
| STEPHANIE MOWBRAY, ) | |
| ) | |
| Defendants. ) | |

---

**DEFENDANT NECHELE BUTCHER'S**
**ANSWERS AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES**

**GENERAL OBJECTIONS**

A.  Defendant Nechele Butcher ("Answering Defendant") objects to Plaintiff's Interrogatories to the extent they purport to impose obligations beyond those imposed or authorized by the Federal Rules of Civil Procedure (the "Rules").

B.  Answering Defendant objects to Plaintiff's Interrogatories to the extent they seek information that is protected from discovery by the attorney-client privilege, the work product doctrine, the peer review privilege, and other privileges and immunities protecting confidential information from discovery.

C.  Answering Defendant objects to Plaintiff's Interrogatories to the extent the information sought requires Answering Defendant to speculate or is not limited to information or documents within Answering Defendant's possession, custody or control.

D.      Answering Defendant objects to Plaintiff's Interrogatories to the extent they seek information protected from disclosure as confidential or proprietary business information.

E.      Answering Defendant objects to Plaintiff's Interrogatories to the extent they seek information or documents already in the possession, custody or control of Plaintiff or Plaintiff's counsel, or are otherwise available to Plaintiff from other, less burdensome sources, including, for example, publicly available documents.

F.      Answering Defendant objects to Plaintiff's Interrogatories to the extent the terms used therein are vague and ambiguous.

G.      Answering Defendant objects to Plaintiff's Interrogatories to the extent that they are overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.

H.      In responding to the Interrogatories, Answering Defendant will use the ordinary meaning of words or terms not otherwise defined.

I.      Answering Defendant objects to the Plaintiff's Interrogatories to the extent they assume the existence of certain facts that do not exist and the occurrence of certain events that did not occur. Any response by Answering Defendant to any individual Interrogatory is not intended to be, and shall not be construed as, an admission that any factual predicate stated in the Interrogatory is accurate.

J.      Answering Defendant's failure to object to any Interrogatory on a particular ground shall not be construed as a waiver of the right to object on that ground or any additional ground at any time.

K. These General Objections are incorporated into each of Answering Defendant's specific responses to Interrogatories, and shall be deemed continuing as to each Interrogatory, and are not waived, or in any way limited by, the specific responses or any subsequent supplementation.

L. Answering Defendant reserves the right to supplement or amend the answers and objections to Interrogatories. The fact that Answering Defendant has responded to the Interrogatories or produced documents shall not be interpreted as implying that Answering Defendant acknowledges the appropriateness of the Interrogatory.

M. To the extent a response to an Interrogatory is responsive to any or all other Interrogatories, that Answer is incorporated by reference to such other Interrogatories.

N. These responses reflect Answering Defendant's present knowledge, information, and belief, and may be subject to change or modification based on further discovery or on facts or circumstances that may come to Answering Defendant's knowledge. Answering Defendant's search for information and documents is ongoing and Answering Defendant reserves the right to rely on any facts, documents, evidence or other contentions that may develop or come to attention at a later time and to supplement or amend responses at any time prior to the trial of this action. Answering Defendant further reserves the right to raise any additional objections or defenses deemed necessary or appropriate in light of any further review.

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

1. Explain and describe your duties and position at the H.R.Y.C.I.?

ANSWER: Objection. This Interrogatory is vague and ambiguous. In addition, it is overly broad and unduly burdensome. Without waiving and expressly reserving all objections, Answering Defendant states that her position was as a pharmacy technician. Her duties included ordering and processing medications.

2.      Explain and describe how C.M.S. trained you for your new position on working in a prison medical environment?

ANSWER:  Answering Defendant received training on the safe provision of medical services in a correctional environment as well as the proper ordering and processing of medications and pharmacy supplies.

3.      Explain and describe why Plaintiff had to beg for 10 minutes at his grievance hearing on 1-11-07 to be sent back for a follow up with the urologist and why you kept telling me all we can do is give you more Tylenol?

ANSWER:  Objection.  This Interrogatory is vague and ambiguous.  Without waiving and expressly reserving all objections, Answering Defendant states that she cannot answer this Interrogatory because she does not know why Plaintiff did what he did and has no recollection of ever making such a statement to Plaintiff.

4.      Explain and describe the informend (sic) consent you received from the Plaintiff to be treated with massive amounts of Tylenol knowing that he was infected with two different type strains of the Hepatitis C virus?

ANSWER: Objection.  This Interrogatory assumes facts which are not accurate.  Answering Defendant had no such conversation about "massive" use of Tylenol and disputes that characterization.  The prescription or administration of medication exceeded the scope of Answering Defendant's job and so she had no obligation or duty to obtain informed consent.

4

5.  Explain and describe why you ignored Plaintiff's complaints of Tylenol not working and he was in severe pain all the time?

ANSWER:  Denied that Answering Defendant ignored Plaintiff's complaints.  As stated above, Answering Defendant was a pharmacy technician and had no obligation or duty or ability to diagnose or treat patients.

6.  Explain and describe if you are licensed at what you do and for how long?

ANSWER:  Objection.  This Interrogatory is vague and ambiguous.  Without waiving and expressly reserving all objections, Answering Defendant states: "no." Answering Defendant's job does not require a license.

7.  Explain and describe whos (sic) job it is to schedual (sic) inmates for doctor's visits on the outside?

ANSWER: Objection.  This Interrogatory is vague and ambiguous and is overly broad and unduly burdensome in that it does not specify a time period.  Without waiving and expressly reserving all objections, and reserving that right to revise or withdraw this Answer, Answering Defendant states that she believes there is a scheduling clerk at each facility.

8.  Explain and describe who approves or denies these medical runs to a outside doctor?

ANSWER:  Objection. This Interrogatory is vague and ambiguous and is overly broad and unduly burdensome in that it does not specify a time period.  Without waiving and expressly reserving all objections, and reserving that right to revise or withdraw this Answer, Answering Defendant states that she does not know the identity of the person or persons who approve or

deny "medical runs." By way of further answer, Answering Defendant respectfully refers Plaintiff to his medical records.

9. Explain and describe who approved or denied Plaintiff's follow up appointment with the urologist and for what reasons?

ANSWER: Objection. This Interrogatory is vague and ambiguous and is overly broad and unduly burdensome in that it does not specify which follow up appointment is at issue. Without waiving and expressly reserving all objections, and reserving that right to revise or withdraw this Answer, Answering Defendant states that she does not know the identity of the person or persons who approved or denied any of Plaintiff's follow up appointments with the Urologist or for what reasons, but assumes that such appointments were approved or denied based on medical necessity. By way of further answer, Answering Defendant respectfully refers Plaintiff to his medical records.

10. Explain and describe who's job it is to schedual (sic) and follow up on Plaintiff to see if he's being treated?

ANSWER: Objection. This Interrogatory is vague and ambiguous and is overly broad and unduly burdensome in that it does not specify a time period. Without waiving and expressly reserving all objections, and reserving that right to revise or withdraw this Answer, Answering Defendant states that she does not believe there is a specific individual whose job it is to schedule and follow up on Plaintiff to see if he's being treated.

11.     Explain and describe the information you provided to the Plaintiff informing him of the long and short term affects of taking Tylenol and side effects while co-infected with two different type strains of the Hepatitis C virus?

ANSWER:     As stated above Answering Defendant had no ability or duty to diagnose or treat patients and so had no duty to explain such matters to Plaintiff.

12.     Explain and describe the risks on possible damage to the liver that you explained or gave to Plaintiff advising him of the long term danger use of Tylenol?

ANSWER:     See Answer to Interrogatory No. 11.

13.     Explain and describe the Plaintiff's medical condition that you advised your supervisor about, and their reply to that information?

ANSWER:     Objection. This Interrogatory is vague and ambiguous in that it does not identify the "supervisor" to whom it refers. Without waiving and expressly reserving all objections, Answering Defendant never discussed Plaintiff's medical conditions with her supervisor.

14.     Explain and describe why the recommended treatment you had given to the Plaintiff was the generally accepted professional standards according to C.M.S.'s Rules of Medical Procedures Manual and the National Commission on Correctional Health Care?

ANSWER: Objection. This Interrogatory attempts impermissibly to shift the burden of proof. Plaintiff bears the burden of proof in this matter. Without waiving and expressly reserving all objections, Answering Defendant refers Plaintiff to the Answer to Interrogatory No. 11.

15. Explain and describe if you've been disciplined (sic), reprimanded (sic), warned, fired or suspended from this job at H.RY.C.I. or any other medically related job for inadequate medical care?

ANSWER: Objection. The information sought here is not reasonably calculated to the discovery of admissible evidence. Without waiving and expressly reserving all objections, Answering Defendant states: "no".

16. If Aspirin, Motrin, and Tylenol was not working explain and describe why you continued this course of treatment.

ANSWER: Objection. See Answer to Interrogatory No. 11.

17. Explain and describe any bonuses or incentives you received or were offered or know about that your employer offers or uses to minimize high cost treatments especially to those who require hospitalization or the consultation of specialists?

ANSWER: None.

18. Explain and describe how you came about getting your job for C.M.S. and the reasons you left your last job?

ANSWER: Objection. The information sought here is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving and expressly reserving all objections, Answering Defendant states that she applied for a position and was given it.

19.Explain and describe when and where you received your license and how long you've had it.

ANSWER: Objection. The information sought here is cumulative and duplicative. Plaintiff is not licensed.

20.Explain and describe what or who's custom or policy you were following when you treated the Plaintiff?

ANSWER:See Answer to Interrogatory No. 11. Answering Defendant did not provide treatment to Plaintiff.

21.Explain and describe to your own knowledge, if you know if Plaintiff was transferred to another prison because he complained to medical too much?

ANSWER:Answering Defendant does not know why Plaintiff was transferred.

BALICK & BALICK, LLC


   /s/ James E. Drnec
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Defendant Nechelle Butcher

Date:August 25, 2008

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADAM WENZKE, | ) | |
| | ) | Case No. 007-504 SLR |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| CORRECTIONAL MEDICAL SYSTEMS, | ) | |
| DR. TADEO, DR. DOROSIER, | ) | |
| MR. ALTON, DR. SMITH, | ) | |
| MR. JIM WELCH, BETTY BRADLEY, | ) | |
| NECHELLE D. BUTCHER, and | ) | |
| STEPHANIE MOWBRAY, | ) | |
| | ) | |
| Defendants. | ) | |

-------------------------------------------------------

## NOTICE OF SERVICE

I, James E. Drnec, hereby certify that on this 25th day of August, 2008, Defendant Nechele Butcher's Answers and Objections to Plaintiff's Interrogatories were filed and served on the following by First Class mail:

| | |
|---|---|
| Adam Wenzke | Ophelia M. Waters, Esquire |
| SBI# 182595 | Carvel State Office Building |
| James T. Vaughn Correctional Center | Department of Justice |
| 1181 Paddock Road | 820 N. French Street |
| Smyrna, DE 19977 | Wilmington, DE 19801 |

BALICK & BALICK L.L.C.

   /s/ James E. Drnec
James E. Drnec (DE Bar # 3789)
711 King Street
Wilmington, DE 19801
(302) 658-4265
Attorneys for CMS

Dated: August 25, 2008

# AFFIDAVIT

STATE OF DELAWARE         )
                          ) SS.
COUNTY OF New Castle      )

BE IT REMEMBERED that on this 18th day of August, 2008, personally came before me, the subscriber, an attorney before the Bar of the State of Delaware, Nechele Butcher, who by me duly sworn according to law, did depose and say that the attached Answers to Plaintiff's Interrogatories are true and correct to the best of her knowledge and belief.

_____
Nechele Butcher

_____
James Drnec, Attorney in fact (DE Bar # 3789)