UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| ADAM WENZKE, ) | |
| ) | Case No. 007-504 SLR |
| Plaintiff, ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | |
| CORRECTIONAL MEDICAL SYSTEMS, ) | |
| DR. TADEO, DR. DOROSIER, ) | |
| MR. ALTON, DR. SMITH, ) | |
| MR. JIM WELCH, BETTY BRADLEY, ) | |
| NECHELLE D. BUTCHER, and ) | |
| STEPHANIE MOWBRAY, ) | |
| ) | |
| Defendants. ) | |

-------------------------------------------------------

**DEFENDANT LOUISE DESROSIERS, M.D.'S ASNWERS AND OBJECTIONS <u>TO PLAINTIFF'S SECOND SET OF INTERROGATORIES</u>**

**GENERAL OBJECTIONS**

A.   Defendant Louise Desrosiers, M.D. ("Answering Defendant") objects to Plaintiff's Interrogatories to the extent they purport to impose obligations beyond those imposed or authorized by the Federal Rules of Civil Procedure (the "Rules").

B.   Answering Defendant objects to Plaintiff's Interrogatories to the extent they seek information that is protected from discovery by the attorney-client privilege, the work product doctrine, the peer review privilege, and other privileges and immunities protecting confidential information from discovery.

C.   Answering Defendant objects to Plaintiff's Interrogatories to the extent the information sought requires Answering Defendant to speculate or is not limited to information or documents within Answering Defendant's possession, custody or control.

D.     Answering Defendant objects to Plaintiff's Interrogatories to the extent they seek information protected from disclosure as confidential or proprietary business information.

E.     Answering Defendant objects to Plaintiff's Interrogatories to the extent they seek information or documents already in the possession, custody or control of Plaintiff or Plaintiff's counsel, or are otherwise available to Plaintiff from other, less burdensome sources, including, for example, publicly available documents.

F.     Answering Defendant objects to Plaintiff's Interrogatories to the extent the terms used therein are vague and ambiguous.

G.     Answering Defendant objects to Plaintiff's Interrogatories to the extent that they are overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.

H.     In responding to the Interrogatories, Answering Defendant will use the ordinary meaning of words or terms not otherwise defined.

I.     Answering Defendant objects to the Plaintiff's Interrogatories to the extent they assume the existence of certain facts that do not exist and the occurrence of certain events that did not occur. Any response by Answering Defendant to any individual Interrogatory is not intended to be, and shall not be construed as, an admission that any factual predicate stated in the Interrogatory is accurate.

J.     Answering Defendant's failure to object to any Interrogatory on a particular ground shall not be construed as a waiver of the right to object on that ground or any additional ground at any time.

K.	These General Objections are incorporated into each of Answering Defendant's specific responses to Interrogatories, and shall be deemed continuing as to each Interrogatory, and are not waived, or in any way limited by, the specific responses or any subsequent supplementation.

L.	Answering Defendant reserves the right to supplement or amend the answers and objections to Interrogatories. The fact that Answering Defendant has responded to the Interrogatories or produced documents shall not be interpreted as implying that Answering Defendant acknowledges the appropriateness of the Interrogatory.

M.	To the extent a response to an Interrogatory is responsive to any or all other Interrogatories, that Answer is incorporated by reference to such other Interrogatories.

N.	These responses reflect Answering Defendant's present knowledge, information, and belief, and may be subject to change or modification based on further discovery or on facts or circumstances that may come to Answering Defendant's knowledge. Answering Defendant's search for information and documents is ongoing and Answering Defendant reserves the right to rely on any facts, documents, evidence or other contentions that may develop or come to attention at a later time and to supplement or amend responses at any time prior to the trial of this action. Answering Defendant further reserves the right to raise any additional objections or defenses deemed necessary or appropriate in light of any further review.

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

1.	Explain and describe any treatment that defendant provided and/or administered to the Plaintiff every time he came to see you about the same medical problem?

ANSWER:	Objection. This Interrogatory is vague and ambiguous in that it does not identify "the same medical problem." In addition, it is overly broad and unduly burdensome. Without

waiving and expressly reserving all objections, Answering Defendant respectfully refers Plaintiff to the medical records already produced to him.

2. Explain and describe the medical factors that Defendant relied upon regarding the treatment provided to the Plaintiff when he continually came to the infirmary with the same painful problem?

ANSWER: Objection. This Interrogatory is vague and ambiguous to the extent the term "the same painful problem" is not defined. Without waiving and expressly reserving all objections, Answering Defendant states that she relied upon Plaintiff's subjective complaints, objective presentation, test results and the opinions of the specialist who saw and examined him.

3. Explain and describe the "informed consent" you received from the Plaintiff to treat his testicular pain with Tylenol and the information you provided to him about the short and long term side effects of said treatment?

ANSWER: Plaintiff complained of pain. Answering Defendant offered Plaintiff Tylenol for his complaints of pain. Plaintiff accepted them. Answering Defendant's typical practice is to give verbal advice to limit usage, to only use for pain, and never to use more than 2400 milligrams per day. Answering Defendant never dispensed more then 1200 milligrams per day to Plaintiff.

4. Explain and describe the information you gave to the Plaintiff explaining the long term affects of the massive use of Tylenol for someone who's been infected with two different type strains of the Hepatitis C virus?

ANSWER: Objection. This Interrogatory assumes facts which are not accurate. Answering Defendant had no such conversation about "massive" use of Tylenol.

5. Explain and describe if you've been transferred or dismissed from any previous jobs for inadequate medical treatment or had a discipline reports, warnings, reprimands and complaints about your performance as a prison doctor?

ANSWER: Objection. The information sought here is not reasonably calculated to the discovery of admissible evidence.

6. Explain and describe the future risks that you advised the Plaintiff about testicular cysts on the epidiymedes of both testicles and the possibility of becoming sterile if he had to have an epididyectomy?

ANSWER: Objection. Answering Defendant has/had no obligation to advise Plaintiff of such information. That duty belongs/belonged to the surgeon recommending/performing surgery.

7. Explain and describe why you failed to act/respond when you found out that Plaintiff had won his medical grievance appeal to the Bureau Chief Richard Kearney to be sent back to the urologist office?

ANSWER: Objection. This Interrogatory is premised upon inaccurate facts. Answering Defendant is not typically told of the results of inmates' grievance hearings.

8.  Explain and describe why you kept continuing the course of treatment for 4 long years knowing that the Plaintiff was suffering and his repeated request for medical to help him relieve his pain and suffering because Tylenol was not working?

ANSWER:   Objection.  This Interrogatory is vague and ambiguous and cannot be responded to in its current form.  Without waiving and expressly reserving all objections, Answering Defendant states that she provided reasonable medical care to Plaintiff, was not deliberately indifferent to any serious medical need and met the standard of care at all times.

9.  Explain and describe the training that C.M.S. provided for you after you were hired for a medical position in a prison environment?

ANSWER:   Answering Defendant received instruction in safe provision of medical services in the correctional environment and in the policies and procedures for the Delaware prison system.

10.  Explain and describe any bonuses or incentives that you know about, your employer offers/uses to minimize high cost treatments especially to those who require hospitalization or the consultation of specialists?

ANSWER: None.

11.  Explain and describe how you came about your job position at C.M.S. and your reasons for leaving your last job?

ANSWER:   Objection.  The information sought here is not reasonably calculated to lead to the discovery of admissible evidence.

12.     Explain and describe the reaction and answere (sic) of your supervisor when you actually put him on notice of Plaintiff's condition and his numerous complaints of suffering?

ANSWER:     Objection. This Interrogatory is vague and ambiguous in that it does not identify the "supervisor" to whom it refers.

13.     Explain and describe previously filed sick call on Jan. 7, 2007 (Exhibit X-19) who advised Michael Senish, the physician's assistant to write at the bottom of said sick call slip to follow up with the urologist upon release in one month but, Plaintiff actually wasn't going to be released for another 28 months?

ANSWER:     Objection. This Interrogatory is vague and ambiguous and cannot be answered in its present form. Without waiving and expressly reserving all objections, Answering Defendant does not know who, if anyone, advised any individual to "write at the bottom of said sick call slip to follow up with the urologist upon release in one month but, Plaintiff actually wasn't going to be released for another 28 months."

14.     Explain and describe when and where you obtained your doctor's license and how long you've had it?

ANSWER: Answering Defendant received her medical degree from the University of Montreal in 1978.

15.     Explain and describe how you think you treated the Plaintiff's medical needs according to the generally accepted professional standards of the National Commission on Correctional Health Care and C.M.S.'s Rules of Medical Procedures Manual?

ANSWER: Objection. This Interrogatory attempts impermissibly to shift the burden of proof. Plaintiff bears the burden of proof in this matter. Without waiving and expressly reserving all objections, Answering Defendant refers Plaintiff to the medical records.

16. Explain and describe how it is general practice to give an inmate aspirin and Tylenol for over 4 years who has been co-infected with two different type strands of the Hepatitis C virus and attempting to treat his testicular cysts pain while there was documented proof that this course of treatment wasn't working?

ANSWER: Objection. This Interrogatory is based on a false premise and/or is vague and ambiguous. The actions described in this Interrogatory are not "general practice" and the term "general practice" is not defined. Without waiving and expressly reserving all objections, Answering Defendant states that there is no "general practice;" each patient is unique and treatment is premised on each individual's condition.

17. Explain and describe why when the results of the 2nd ultrasound revealed painful bilateral cysts and possible intermittent torsion, no-one informed the Plaintiff about any doctor recommendations and all the told him is that I had two cysts on the testicles and it was normal to have them and the only treatment I could receive was Tylenol.

ANSWER: Objection. The report of the "2nd ultrasound," and what it "revealed" speaks for itself and Answering Defendant disputes Plaintiff's recitation. In addition, Answering Defendant cannot speak to what any other individual may have told Plaintiff, or why.

18.     Explain and describe what or who's custom or policy you were following when you treated the Plaintiff?

ANSWER:     Answering Defendant treated the Plaintiff according to the standard of care.

19.     Explain and describe what you did after you read and compared the 2nd and 3rd ultra sound reports some 13 months apart and saw the cysts were getting bigger and more painful?

ANSWER:     Objection. The "2nd and 3rd ultrasound reports" speak for themselves and Answering Defendant disputes Plaintiff's recitation. In addition, this Interrogatory is overly broad and unduly burdensome. Without waiving and expressly reserving all objections, Answering Defendant refers Plaintiff to his medical records.

20.     Explain and describe your position and duties as a medical care giver for C.M.S.?

ANSWER:  Answering Defendant is a medical provider with an M.D. degree.  She provides primary care and also sees patients in the Chronic Care Clinic.

21.     Explain and describe the Plaintiff's medical situation that you informed/advised to your supervisor about and their reply to this information?

ANSWER:     Objection.  This Interrogatory is vague and ambiguous and cannot be answered in its present form.  Without waiving and expressly reserving all objections, Answering Defendant refers Plaintiff to his medical records.

BALICK & BALICK, LLC

　　　　　/s/ James E. Drnec
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Defendant Louise Desrosiers, M.D.

Date:   August 25, 2008

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADAM WENZKE, | ) | |
| | ) | Case No. 007-504 SLR |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| CORRECTIONAL MEDICAL SYSTEMS, | ) | |
| DR. TADEO, DR. DOROSIER, | ) | |
| MR. ALTON, DR. SMITH, | ) | |
| MR. JIM WELCH, BETTY BRADLEY, | ) | |
| NECHELLE D. BUTCHER, and | ) | |
| STEPHANIE MOWBRAY, | ) | |
| | ) | |
| Defendants. | ) | |

--------------------------------------------------------

## NOTICE OF SERVICE

I, James E. Drnec, hereby certify that on this 25th day of August, 2008, Defendant Louise Desrosiers, M.D.'s Answers and Objections to Plaintiff's Second Set of Interrogatories were filed and served on the following by First Class mail:

| | |
|---|---|
| Adam Wenzke | Ophelia M. Waters, Esquire |
| SBI# 182595 | Carvel State Office Building |
| James T. Vaughn Correctional Center | Department of Justice |
| 1181 Paddock Road | 820 N. French Street |
| Smyrna, DE 19977 | Wilmington, DE 19801 |

BALICK & BALICK L.L.C.

        /s/ James E. Drnec
James E. Drnec (DE Bar # 3789)
711 King Street
Wilmington, DE 19801
(302) 658-4265
Attorneys for CMS

Dated: August 25, 2008

# AFFIDAVIT

STATE OF DELAWARE        )
                         ) SS.
COUNTY OF New Castle     )

BE IT REMEMBERED that on this __19__ day of __August__, 2008, personally came before me, the subscriber, a Notary Public in and for the State and County aforesaid, Louise Desrosiers, M.D., who by me duly sworn according to law, did depose and say that the attached Answers to Plaintiff's Interrogatories are true and correct to the best of her knowledge and belief.

_____
Louise Desrosiers, M.D.

_____
Notary

LISA NICHOLS
Notary Public, State of Delaware
My Commission Expires May 20, 2010

My commission expires:_____