# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADAM WENZKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 07-504-SLR |
| CORRECTIONAL MEDICAL SERVICES, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT WELCH'S RESPONSE TO PLAINTIFF'S INTERROGATORIES[1]

Defendant Jim Welch ("State Defendant") hereby responds to Plaintiff's Interrogatories:

### GENERAL OBJECTIONS

1. Defendant objects to the Interrogatories to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2. Defendant objects to the Interrogatories to the extent that they purport to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3. Defendant objects to the Interrogatories to the extent that they purport to place duties beyond obligations set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4. Defendant objects to the Interrogatories to the extent that they purport to

---

[1] This document is entered as presented to the Defendant(s) by the Plaintiff(s) in its entirety. The responding defendant(s) have/has not altered the sentence structure or made grammatical or spelling corrections.

seek information or documents not in his possession, custody or control.

5.  Defendant objects to the Interrogatories to the extent that they seek the production of documents equally available to the Plaintiff. Such documents will be identified by Defendant, but will not be produced.

6.  Defendant objects to the Interrogatories to the extent that they purport to require production of information or documents which are impractical or unduly burdensome to reproduce.

7.  Defendant objects to the Interrogatories to the extent that they seek the production of documents generated by or received from his counsel in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in Defendant's Responses, Defendant responds, after a reasonable search, and subject to supplementation, as follows:

1)  Explain and Describe your duties as the Director of Health Care Services at H.R.Y.C.I. and how long you've worked their?

Response:   Objection to the extent this interrogatory is overly broad and unduly burdensome for failing to specify a timeframe. Without waiving this objection, Defendant Welch is not the Director of Health Care Services at HRYCI.

2) Explain and describe why that after Plaintiff notified you numerous times of his pain and suffering you failed to respond or use your authority to help him?

Response: Objection to the extent this interrogatory is vague and ambiguous as it fails to define "numerous times of his pain and suffering." By way of further objection, Defendant Welch disputes the conclusions of facts as herein characterized. Defendant Welch did not communicate with plaintiff about or provide plaintiff with medical care or treatment. Without waiving this objection, generally, any medical complaints or questions are referred directly to the medical vendor at the time of receipt.

3) Explain and describe any treatment that you know of that was administered to Plaintiff concerning his medical condition and who treated Him?

Response: Objection to the extent this interrogatory is vague and ambiguous as it fails to define "any treatment … administered concerning his medical condition." By way of further objection, Defendant Welch was not personally involved in administering plaintiff's medical care and/or treatment. Without waiving this objection, Defendant Welch refers plaintiff to the medical charts provided which reflect that he has and continues to receive medical care and treatment under the supervision of multiple physicians and specialists and he has undergone a surgical procedure on July 30, 2008.

4) Explain and describe why you failed to respond when you found out Plaintiff won his medical grievance appeal to the Bureau Chief Richard Kearney to be

sent back to see the Urologist?

Response:    Objection to the extent Defendant Welch disputes the conclusions of facts as herein characterized. By way of further objection, Defendant Welch was not personally involved in administering plaintiff's medical care and treatment and did not communicate with plaintiff about or provide plaintiff with medical care or treatment. Without waiving this objection, when there is a grievance resolution, the medical vendor is notified and receives a written copy.

5)    To your knowledge explain and describe why you thing the Plaintiff was recieving adequate medical care according to C.M.S.'s Rules of Medical Procedures Manuel and the Accepted Professional Standards of the National Commission on Correctional Health Care?

Response:    Objection to the extent this interrogatory is vague and ambiguous to the extent that Defendant Welch was not personally involved in administering plaintiff's medical care and/or treatment. Without waiving this objection, Defendant Welch refers plaintiff to the medical charts provided which reflect that he has and continues to receive medical care and treatment under the supervision of multiple physicians and specialists and he has undergone a surgical procedure on July 30, 2008.

6)    Explain and describe if you investigated Plaintiff's claims of pain and suffering, and what you did about it?

Response: Objection to the extent this interrogatory is vague and ambiguous as it fails to define "claims of pain and suffering." Without waiving this objection, generally, any medical complaints or questions are referred directly to the medical vendor at the time of receipt. Defendant Welch was not personally involved in administering plaintiff's medical care and/or treatment.

7) Explain and describe if you are aware that the medical staff you are supervision are treating people with out their "Informed Consent", and medical did not tell the Plaintiff anything about the long and short term side affects of taking Tylenol while being co-infected with two types of the Hepatitus C Virus?

Response: Objection to the extent this interrogatory is vague and ambiguous for which no response is required. Without waiving this objection, Defendant Welch did not have supervisory responsibility over the medical staff.

8) Explain and describe the possible risks that you deligated down to your subordinates concerning plaintiffs medical treatment options?

Response: Objection to the extent this interrogatory is vague and ambiguous for which a response is not required. Without waiving this objection, Defendant Welch was not personally involved in administering plaintiff's medical care and/or treatment.

9) Explain and describe any and all training that the medical personnell had went through before their allowed to be eligible to work for you in a prison medical enviroment?

Response: Objection to the extent this interrogatory is vague and ambiguous as it fails to define "all training." By way of further objection, this interrogatory is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

10) Explain and describe any bonuses or incentives you were offered or recieved or know about that your employer offers or uses to minimize High Cost Treatments especially to those who require hospitilization or the consultation of specialists?

Response: None.

11) Explain and describe how you reacted and what you actually did when your own medical personnell put you on official notice of Plaintiff's painful condition and repeated request to see the Urologist again?

Response: Objection to the extent this interrogatory is vague and ambiguous as it fails to define "put on notice of plaintiff's painful condition." By way of further objection, Defendant Welch disputes the conclusions of facts as herein characterized. Without waiving this objection, Defendant Welch refers plaintiff to the medical charts provided

which reflect that he has and continues to receive medical care and treatment under the supervision of multiple physicians and specialists and he has undergone a surgical procedure on July 30, 2008.

12)    After Plaintiff was seen by the Urologist on Nov. 116 2006 and felt a small mass on the testicles, the Urologists ordered a ultra sound and follow up appointment explain and describe why and the reasons behind the follow up cancellation?

Response:    Objection to the extent this interrogatory is vague and ambiguous as it fails to define "follow-up" as it refers to appointments scheduled or cancelled. By way of further objection, Defendant Welch disputes the conclusions of facts as herein characterized, and has no personal knowledge of the reasons for any cancellations.

13)    Explain and describe how's decision it was to tell the physicians assistant Michael Semision to write on (previously filed sick Call <u>Exhibit x-19</u> Prison Medical Records) that Plaintiff would follow up with the Urologist when Plaintiff was released in one month, and in reality Plaintiff had 28 months left on his sentence?

Response:    Objection to the extent this interrogatory is vague and ambiguous for which no response is required. Without waiving this objection, Defendant Welch has no personal knowledge of facts here described by plaintiff.

14) Explain and describe if C.M.S. has a custom or policy on the course of medical treatment plaintiff recieved and is thier a custom or policy of financial considerations being placed over medical treatment needs?

Response:   Defendant Welch is not privilege to or involved with the financial decisions of the medical vendor.

15) Explain and describe where you recieved your license and training to be the Director of Health Care and how long you've had it?

Response:   Objection to the extent this interrogatory is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Defendant Welch received his nursing degree from the Nursing School of Wilmington and received his Bachelors Degree from Valparaiso University.

16) In your own medical opinion explain and describe if you think it is safe for a pacient co-infected with two different type strains of the Hepititus C virus to be given massive amounts of Tylenol over 4 years?

Response:   Objection to the extent this interrogatory is vague and ambiguous for which no response is required. By way of further objection to the extent this interrogatory is overly broad and unduly burdensome and not reasonably calculated to lead to the

discovery of admissible evidence. Without waiving this objection, Defendant Welch is not a physician and, therefore, has no medical opinion to offer.

17)    Explain and Describe when the 2nd Ultra sound results from Dec 18, 2006 came back and revealed painful bilateral cysts on both epididymedes of the testicles and possible intermitten torsion of the right testicle why was plaintiff kept on Tylenol and his complaints ignored that the Tylenol was'nt working and he was in severe pain and has been for the past 2 years 7 months at that time?

Response:    Objection. Defendant Welch has no personal knowledge or information concerning the course of medical treatment plaintiff received. Without waiving this objection, Defendant Welch refers plaintiff to the medical charts provided which reflect that he has and continues to receive medical care and treatment under the supervision of multiple physicians and specialists and he has undergone a surgical procedure on July 30, 2008.

18)    Explain and describe to your knowledge if you or your company has ever employed underqualified or unlicenced medical personnell?

Response:    Objection to the extent this interrogatory is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Defendant Welch is employed by the State of Delaware and is not an employee of the medical vendor.

19) Explain and describe if any unqualified or unlicenced personnell worked at H.R.Y.C.I. from Feb. 23, 2005 through Sept. 11, 2007?

Response:   Objection to the extent this interrogatory is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Defendant Welch is employed by the State of Delaware and is not an employee of the medical vendor.

20) Explain and describe who's job it is to schedual outside medical appointments, cancele outside appointments?

Response:   Objection to the extent this interrogatory is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Defendant Welch is employed by the State of Delaware and is not an employee of the medical vendor.

21) Explain and describe who has the authority to deny or approve medical appointments or deny or approve any recommended treatment by a physician on the outside world or at H.R.Y.C.I?

Response:   Objection to the extent this interrogatory is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

22) Explain and describe if you know anything about Plaintiff being transfered to another prison because he complained to medical too much?

Response:    Defendant Welch has no personal knowledge of facts here described by plaintiff.

                              **STATE OF DELAWARE**
                              **DEPARTMENT OF JUSTICE**

                              /s/ Ophelia M. Waters
                              Ophelia M. Waters, ID. #3879
                              Deputy Attorney General
                              820 North French Street, 6th Floor
                              Wilmington, DE  19801
                              (302) 577-8400
                              ophelia.waters@state.de.us
                              Attorney for State Defendant Jim Welch

Date: August 29, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2008, I electronically filed *State Defendant Welch's Responses to Plaintiff's Interrogatories* with the Clerk of Court using CM/ECF.

I hereby certify that on August 29, 2008, I have mailed by United States Postal Service, the document to the following non-registered participant:

Adam Wenzke, Inmate
SBI # 182595
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

                                    **STATE OF DELAWARE**
                                    **DEPARTMENT OF JUSTICE**

                                    /s/ Ophelia M. Waters
                                    Ophelia M. Waters, I.D. #3879
                                    Deputy Attorney General
                                    820 North French Street, 6th Floor
                                    Wilmington, Delaware 19801
                                    (302)577-8400
                                    ophelia.waters@state.de.us